**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LENNIE G. JACKSON D/B/A BL ENTERPRISE,

    Plaintiff,

v.                                        Case No. 05-CV-70551-DT

SELECT PORTFOLIO SERVICING, INC. F/K/A
FAIRBANKS CAPITAL MORTGAGE CORP.,
LLC., CREDIT SUISSE FIRST BOSTON
MORTGAGE CORP., LLC., and ROBERT
TREMAIN & ASSOC., P.C.,

    Defendants.
                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR TEMPORARY
RESTRAINING ORDER AGAINST DEFENDANT ROBERT A. TREMAIN
AND ASSOC., [SIC], P.C."**

On May 2, 2005, Plaintiff Lennie G. Jackson filed a "Motion for Temporary Restraining Order Against Defendant Robert A. Tremain [a]nd Assoc., [sic] P.C." In his motion, Plaintiff asserts that "on April 14, 2005, Defendant Robert A. Tremain [and Assoc., P.C.] filed a motion for the issuance of a writ and a[n] application for order of eviction against [P]laintiff in the 36th District Court of the State of Michigan before . . . Judge Donald Coleman." (Pl.'s Mot. at ¶ 7.) Plaintiff asserts that his "[c]laims of interest in [the] property [known as 13329 Rosemary in Detroit, Michigan] are under the [j]urisdiction of the United States [District] Court for the Eastern District of Michigan[,] the Hon[orable] Judge Robert H. Cleland. Therefore, Defendant Robert A. Tremain filing . . . this motion in the 36th District Court of the State of Michigan is a willful and intentional act of violating . . . [Fed. R. Civ. P.] 62(f)." (*Id.* at 8.) Plaintiff requests that

the court "grant a temporary restraining [o]rder against Defendant Robert A. Tremain and Assoc[.,] P.C.[,] staying any action taken in 36th District Court as it relates to said real property" and that the court "fine Plaintiff's attorney Michael McEvoy [in] the sum of [$]5,000."  (*Id.* at 4.)

The court relies on the Anti-Injunction Act, 28 U.S.C. § 2283, in deciding this matter.

Pursuant to the Act:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The Supreme Court has, on several occasions, recognized that the Anti-Injunction Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."  *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970); *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630-31 (1977).  "These three exceptions, embedded within the statute's text, permit injunctions against state court proceedings (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments."  *See* 28 U.S.C. § 2283; *Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th Cir. 2004).  Plaintiff has not pled any of the three specifically defined exceptions to the Anti-Injunction Act.  Accordingly,

2

IT IS ORDERED that Plaintiff's "Motion for Temporary Restraining Order Against Defendant Robert A. Tremain and Assoc., [sic] P.C." [Dkt. # 16] is DENIED.


      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 23, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets  
      Case Manager and Deputy Clerk  
      (313) 234-5522