UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENNIE G. JACKSON D/B/A BL ENTERPRISE,

    Plaintiff,

v.                                                        Case No. 05-CV-70551-DT

SELECT PORTFOLIO SERVICING, INC., F/K/A
FAIRBANKS CAPITAL MORTGAGE CORP,
LLC., CREDIT SUISSE FIRST BOSTON
MORTGAGE CORP, LLC., and ROBERT A.
TREMAIN & ASSOC., P.C.,

    Defendants.
                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR ENTRY OF DEFAULT JUDGMENT [SIC] AGAINST DEFENDANT ROBERT A. TREMAIN AND ASSOC[.], DEFENDANT SELECT PORTFOLIO F/K/A FAIRBANKS CAPITAL MORTGAGE CORP., LLC., AND DEFENDANT CREDIT SUISSE [SIC] FIRST BOSTON MORTGAGE CORP., LLC." AND GRANTING DEFENDANTS' "MOTION TO SET ASIDE ENTRY OF DEFAULTS"**

On March 11, 2005 and March 23, 2005, Plaintiff filed his "Motion for Entry of Default Judgment [sic] . . . ." In his motion, Plaintiff asserts that "after [e]ffecting service of [his] Summons and Complaint on . . . Defendants pursuant to [Fed. R. Civ. P.] 4(h)(1)[,] Defendants . . . have failed to plead or otherwise [d]efend against Plaintiff's allegations as provided by these rules." (Pl.'s Mot. at ¶ 2.)

On March 24, 2005, the court clerk entered a default [Dkt. # 8] against all Defendants. On April 25, 2005, Defendants filed their "Motion to Set Aside Entry of Defaults." In their motion, Defendants "deny [that] there has been proper service of the Summons and Complaint as required by Federal Rules of Civil Procedure - Rule 4 and request that the Defaults entered b[e] set aside." (Defs.' Mot. at 2.)

Defendants assert that "the [r]eturn of [s]ervice in reference to Robert A. Tremain & Associates, P.C. as executed by [Plaintiff] indicates that service was made 'by personally serving Defendant's [a]ttorney, Michael J. McEvoy, while under oath and on the [c]ourt record before Judge Wendy Baxter in the [Third] Circuit Court,'" Robert A. Tremain, Robert A. Tremain & Associates P.C.'s resident agent, was not served, and Plaintiff did not mail nor leave the Summons and Complaint at Robert A. Tremain & Associates P.C.'s address. (*Id.* at 2-3.)  In addition, Defendants assert that service as to Select Portfolio Servicing, Inc. and Credit Suisse First Boston is defective because there was no service made on either Defendant's resident agent.  (*Id.* at 4-5.)

Pursuant to Fed. R. Civ. P. 4(c)(2), service "may be effected by *any person who is not a party*."  Fed. R. Civ. P. 4(c)(2).  In addition, Fed. R. Civ. P. (4)(h)(1) requires that corporations and associations be served by "delivering a copy of the Summons and of the Complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).

The evidence submitted to the court reflects that Plaintiff personally served Robert A. Tremain & Associates P.C.'s attorney in violation of Fed. R. Civ. P. 4(c)(2). (Defs.' Mot. at 2; Pl.'s Reply at 2.)  In addition, the Summons and Complaint for Select Portfolio Servicing was served by certified mail to its Utah address, but was not served on the corporation's resident agent, CSC-Lawyers Incorporated Service with an address of 601 Abbott Road, East Lansing, MI 48823.  (Defs.' Mot. at 3-4; Pl.'s Reply at Ex. B.) Also, the Summons and Complaint for Credit Suisse First Boston was sent by certified mail to a Pennsylvania address, but was not sent to its resident agent, CSC-Lawyers

Incorporated Service at the East Lansing, Michigan address listed above. (Pl.'s Reply at Ex. C.)

At a hearing held on April 27, 2005, Plaintiff asserted that the Summons and Complaint he sent to Defendants amounted to valid service. In support of his contention, Plaintiff stated that he possessed signed return of service forms which, according to *O'Brien v. O'Brien*, 998 F.2d 1394 (7th Cir. 1993), constitute "prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *Id.* at 1398. The court instructed Plaintiff to file these signed return of service forms with the court clerk, which Plaintiff did on April 29, 2005. The court notes that in *O'Brien*, the plaintiff-appellee O'Brien withdrew his initial motion for default on January 23, 1991, when he was unable to supply the district court with proof of service. *Id.* at 1398. Two days later, on January 25, O'Brien again moved for default, this time presenting the court with proof of service indicating that the defendant-appellant R.J. O'Brien ["RJO"] had been served. *Id.* Seven days later, the district court entered a default against RJO. *Id.* RJO contended that the district court abused its discretion by not affording RJO time to investigate the validity of the newly filed return of service in . . . light of RJO's assertions at the January 23 hearing that it had not been served." *Id.* At the default hearing, RJO did not offer evidence indicating that it had not been served, but rather asserted it was attempting to investigate the validity of service. *Id.*

In the instant case, Defendants do not state that they were not served or that they have not had the opportunity to *investigate* whether service was proper, but state that service *was improper* under Fed. R. Civ. P. 4(c)(2) and 4(h)(1).

3

IT IS ORDERED that Plaintiff's "Motion for Entry of Default . . ." [Dkt. #s 5 and 6] is DENIED and Defendants' "Motion to Set Aside Entry of Defaults" [Dkt. # 11] is GRANTED.[1]

        S/Robert H. Cleland        
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 12, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2005, by electronic and/or ordinary mail.

        S/Lisa G. Teets        
        Case Manager and Deputy Clerk
        (313) 234-5522

---

[1] The court notes with gratitude the recent receipt of a letter from counsel for Defendants (with a copy provided to Plaintiff) inquiring as to the status of the instant motion. Resolution of this motion, already in progress as of the date of the hearing, had in fact escaped our attention soon thereafter. Counsel followed an entirely proper course, politely inquiring as to the expected conclusion of the motion.