UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENNIE G. JACKSON D/B/A BL ENTERPRISE,

    Plaintiff,

v.                                  Case No. 05-CV-70551-DT

SELECT PORTFOLIO SERVICING, INC. F/K/A
FAIRBANKS CAPITAL MORTGAGE CORP.,
LLC et al.,

    Defendants.
                                /

**ORDER DENYING PLAINTIFF'S "MOTION TO STRIKE" AND DIRECTING
DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S
"MOTION FOR PRELIMINARY INJUNCTION . . . "**

On October 3, 2005, Plaintiff Lennie G. Jackson filed a "Motion to Strike," pursuant to Federal Rule of Civil Procedure 12(f), relating to Defendants' answer to his complaint. In his motion, Plaintiff requests that the court issue an order "barring Defendants from alleging the objectionable allegations in th[eir answer] and any further pleadings to th[e] [c]ourt." (Pl.'s Mot. at 7.) Plaintiff takes issue with many statements included in Defendants' answer and claims, for example, that Defendants' allegation of improper venue is immaterial, claim of improper jurisdiction is insufficient, and contention that his ex-wife is a mortgagor on the property at issue is scandalous. (*Id.* at 1-7.)

    Federal Rule of Civil Procedure 12(f) provides that:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken

> from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  The court notes the sobriety with which motions to strike are to be reviewed.  As noted by the *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819 (6th Cir. 1953) court:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice.  *The motion to strike should be granted only when the pleading to be stri[c]ken has no possible relation to the controversy.*

*Id*. at 822 (emphasis added) (internal citations omitted).  The court finds that the claims averred in Defendants' answer are related to the controversy before the court.  In addition, Plaintiff has not shown Defendants' answer to contain any insufficient defense or any redundant, immaterial, impertinent, or scandalous matters.

The court also notes that Defendants have yet to file a response to Plaintiff's pending motion for preliminary injunction.  Having reviewed the motion and Plaintiff's complaint, the court is inclined to believe that this action may be subject to dismissal on abstention grounds.  *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971).  Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Strike" [Dkt. # 32] is DENIED.

IT IS ALSO ORDERED that Defendants file a response to Plaintiff's "Motion For Preliminary Injunction . . ." [Dkt. # 18], focused primarily on any abstention doctrine that may apply in the matter, no later than **November 14, 2005**.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 1, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 1, 2005 by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522